**WEMBLEY, INC., Plaintiff,**

v.

**COMMISSIONER OF PATENTS of the United States of America, Defendant.**

**Civ. A. No. 1123–64.**

United States District Court
District of Columbia.

Nov. 23, 1964.

Francis C. Browne, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This is an action in the nature of mandamus to compel the defendant, Commissioner of Patents, to consider on its merits a motion made in the Patent Office by the plaintiff to dismiss a petition pending there by Diplomat Tie Company for cancellation of plaintiff's trademark registration.

Motions for summary judgment by the plaintiff and to dismiss by defendant were heard together on October 16, 1964, and judgment was entered in favor of plaintiff on October 20th. Defendant then moved to have the Court vacate the judgment and grant the original motion to dismiss. It is this latter motion that is now before the Court for adjudication.

The first in the series of events culminating in this action was a suit filed March 11, 1960, by Wembley, Inc., the plaintiff here, against Diplomat Tie Company for trademark infringement in the United States District Court for the District of Maryland. Diplomat Tie Company prevailed in that case, but failed to counterclaim for cancellation of Wembley's registration.

Diplomat later instituted a proceeding in the United States Patent Office to compel cancellation of the same trademark as that involved in the previous suit. Wembley then filed a motion to dismiss that proceeding, asserting that Diplomat, under Rule 13 of the Federal Rules of Civil Procedure, had waived its right to have the registration can-

celled. The Commissioner of Patents dismissed Wembley's motion, stating that the Patent Office did not recognize Rule 13 in inter-parties cancellation proceedings. Wembley brought the instant suit to compel the Commissioner to entertain his motion, and to follow Rule 13.

The Commissioner contended *inter alia*, that the question of whether the Patent Office should entertain plaintiff's motion to dismiss the cancellation proceeding was *interlocutory*, and hence not a proper matter for judicial examination at this time. The Commissioner of Patents relied in this connection upon 15 U.S.C. § 1071, which grants persons dissatisfied with Patent Office determinations in cancellation proceedings the right to either appeal to the U. S. Court of Customs and Patent Appeals or initiate an action *de novo* in an appropriate U. S. District Court.

Plaintiff, in response, asserted that such review would be inadequate, and that to allow the cancellation proceeding to reach conclusion under erroneous procedure would deny him due process of law.

The Court, upon reconsideration, is constrained to agree with the Commissioner of Patents as to the interlocutory nature of the matter in question. The plaintiff, if the Patent Office refusal to follow Rule 13 is presumed erroneous, will still have by right an opportunity to obtain full judicial examination of such refusal during the appeal or trial de novo guaranteed him by 15 U.S.C. § 1071. It would be poor policy indeed to permit piecemeal review of administrative decisions where there is no showing that injury would result from delaying judicial relief until such time as the entire proceeding of which the decision is a part can be concluded. The wisdom of not following such a policy was affirmed in this Circuit by the case of Anderson v. Watson, 103 U.S.App. D.C. 99, 254 F.2d 956 (1958), in which the Court of Appeals held that a determination within the Commissioner's discretion could not be reversed in a mandamus action in the District Court

because of available remedies under 15 U.S.C. § 1071.

The Orders of this Court of October 20, 1964, granting plaintiff's motion for summary judgment, and of October 23, 1964, denying defendant's motion to dismiss, will be vacated, and the Complaint will be dismissed.