COASTAL CHEMICAL COMPANY, Inc., Plaintiff,

v.

Luther H. HODGES, Secretary of Commerce, and Edwin L. Reynolds, Acting Commissioner of Patents, Defendants.

Civ. A. No. 3057–63.

United States District Court
District of Columbia.

Dec. 1, 1964.

James L. Kurtz, Mason, Fenwick & Lawrence, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendants.

JACKSON, District Judge.

This is a motion for summary judgment in a civil action brought pursuant to 5 U.S.C. § 1009, the Administrative Procedure Act, in which it was sought to have this Court compel the Commissioner of Patents to issue to the plaintiff a trademark registration for "PINE-AIRE" in the States of Alabama, Florida, Georgia, North Carolina, and South Carolina; and to restrict the registration of the same mark by Dust-a-Way, Inc., to the States of Arkansas, Illinois, Kentucky, Louisiana, Mississippi, Missouri, and Ohio.

A registration of this character was in fact granted after full consideration of the case by the Trademark Trial and Appeal Board. The Board based its finding upon a stipulation agreed to between the plaintiff and Dust-a-Way, Inc., as to respective use in the states involved.

The Commissioner of Patents, however, apparently upon his own volition, chose to modify the Board's finding so as to include the balance of the United States in Dust-a-Way's registration. The plaintiff, contending that the Commissioner had no authority to review determinations of the Board, instituted the instant action to obtain a finding to that effect.

At the hearing and in his brief, the Commissioner argued, *inter alia*, that plaintiff should not be permitted to sue under the Administrative Procedure Act since an adequate and more appropriate remedy is provided under the Trademark Statute, namely, 15 U.S.C. § 1071. This provision extends the benefit of either appeal to the U. S. Court of Customs and Patent Appeals, or a trial *de novo* in a U. S. District Court, to parties dissatisfied with decisions of the Commissioner of Patents or the Trademark Trial and Appeal Board.

The plaintiff asserts that the words of Section 1071, which provide for judicial examination of decisions by the "Commissioner or Trademark Trial and Appeal Board", do not apply to those decisions by the Commissioner which modify findings by the Board, since the Commissioner is alleged to be without legal authority in this regard. Hence, the argument goes, Section 1071 provides in matters such as the present one judicial review only of decisions by the Trademark Trial and Appeal Board, and resort must be had for review of decisions by the Commissioner to the Administrative Procedure Act. The presence of the word "Commissioner" in Section 1071 is said to be limited solely to matters concerning his duties as to renewals and affidavits.

This interpretation of Section 1071 cannot be accepted by the Court. It seems unreasonable to impute to the Congress an intention to provide review of those of the Commissioner's acts that lie within his authority, and yet not provide review of those that may go beyond it. The sounder view is that *all* acts of the Commissioner, whether proper or not, that may bear on the subjects mentioned in Section 1071 are authorized by that section to be judicially examined pursuant to its terms.

Having so construed Section 1071, it is manifest that plaintiff's appropriate remedy in this instance is according to it, rather than the Administrative Procedure Act. Indeed, even though the instant motion for summary judgment were denied, and even though the Complaint were dismissed, the plaintiff could still try this entire matter again under Section 1071.

The Court deems it unwise to permit piecemeal review of Patent Office procedures in this fashion, and has recently so held in Wembley, Inc. v. Commission-

er of Patents, 235 F.Supp. 704, D.C., D.C., C.A. No. 1123–64, November 23, 1964.

The motion for summary judgment is denied.