56 CCPA

**Richard C. LOSHBOUGH, Appellant,**

v.

**Kenneth C. ALLEN, Appellee.**

**Patent Appeal No. 8243.**

United States Court of Customs and Patent Appeals.

Jan. 9, 1969.

Owen & Owen, Carl F. Schaffer, Toledo, Ohio (Allen Owen, Vincent L. Barker, Jr., Toledo, Ohio, of counsel), for appellant.

Marechal, Biebel, French & Bugg, Lawrence B. Biebel, Dayton, Ohio (Nathaniel R. French, Mario A. Martella, Dayton, Ohio, of counsel), for appellee.

Joseph Schimmel, Washington, D. C., for Commissioner of Patents.

Before WORLEY, Chief Judge and RICH, SMITH, ALMOND and BALDWIN, Judges.

ALMOND, Judge.

The matter here before us is related to an appeal by Loshbough from the decision of the Board of Patent Interferences awarding priority to Allen in Interference No. 93,427 involving counts 1 through 5. It is not the merits of that appeal which we consider at this time but, instead, a Petition for Writ of Mandamus brought by Loshbough. The request for relief is couched in the following terms:

> Richard C. Loshbough, appellant before this Court, hereby petitions that this Honorable Court issue a Writ of Mandamus to the Honorable Commissioner of Patents requiring that the Commissioner direct the appropriate official or tribunal within the Patent Office to suspend proceedings in Interference No. 93,427 and to afford the parties an opportunity to be heard on the question of patentability of present and proposed counts in order that further interference proceedings with respect to priority of invention will be directed to patentable subject matter.

As background, the board rendered its decision on priority in the present case on October 29, 1965 and, on December 23, 1965, Allen filed before the board a Motion to Amend and Suspend the Interference, requesting that the interference be amended by canceling therefrom all five counts, on which priority was awarded to him, and substituting a proposed new count. The basis for the motion was "the belief of the party Allen that the present counts do not adequately distinguish the patentable subject matter common to the disclosures of

both parties," from Swedish patent No. 173,332 which has an effective date of November 15, 1960 and is a statutory bar to both parties as to date. Allen stated that the motion was not brought during the motion period because Allen and his attorneys "were not advised of the disclosure of the Swedish patent until after the testimony of both parties had been completed."[1]

On December 27, 1965, Loshbough filed a Notice of Appeal to this court from the board's decision on priority.

In a decision dated January 6, 1966, the board stated that it was "bereft of jurisdiction" to consider Allen's motion by reason of the jurisdiction of the interference having been transferred to this court as the result of Loshbough's Notice of Appeal. Loshbough then, on January 21, 1966, petitioned the Commissioner of Patents to request the court to remand the case to the Patent Office for consideration of Allen's motion. The Assistant Commissioner denied the petition on February 3, 1966, holding that Allen had not made an adequate showing to excuse his failure to file the motion earlier[2] and taking the position that reopening the interference on the merits would not be in order for that reason even if the Patent Office did have jurisdiction.

Loshbough next filed a motion before the court for remand of the case to the Patent Office for consideration of Allen's motion on the merits. In a per curiam decision dated May 12, 1966, Loshbough v. Allen, 359 F.2d 910, 53 CCPA 1214, the court remanded the appeal to the Board of Patent Interferences "for that board to consider the motion pending before it, which it refused to consider because we had jurisdiction of the case, and to take whatever further action it may deem advisable."

The board, on August 8, 1966, denied the Allen motion, holding that it had no authority to reform or redeclare the interference. The board also observed that Loshbough had "filed nothing indicating his views on the merits" of the matters raised by Allen and noted "relevant statements" in the Assistant Commissioner's previous denial of the motion. Allen then filed a paper entitled "Petition to the Commissioner or for Reconsideration by the Board of Interference Examiners" in which he requested "action on Allen's motion to amend by the Commissioner or by the Primary Examiner" and that request was joined by Loshbough. The Assistant Commissioner, on September 19, 1966, denied that petition on the grounds that the board had given such reconsideration as was required by the court's remand and that the Allen motion was not entitled to consideration on the merits for the reasons given in his previous decision. Loshbough then filed a second appeal to the court.

On January 3, 1967 Loshbough filed before the court a Motion of Appellant to Reverse and Remand. In Loshbough v. Allen, 373 F.2d 747, 54 CCPA 1113, the court denied that motion, but ruled:

However, since further proceedings under rule 259 appear necessary to a disposal of the present controversy in a judicial manner, the cases are remanded to the board with the express direction that it take all necessary and appropriate action consistent with this opinion.

The court's opinion also quoted Rule 259 of the Rules of Practice of the Patent Office, reading:

259. *Recommendation by Board of Patent Interferences*. The Board of Patent Interferences may, either before or concurrently with their decision on the question of priority, but

---

1. Allen has not stated more specifically when he was advised of the Swedish patent. However, the board states in its first decision on remand, referred to hereinafter, that the records, testimony and exhibits on behalf of both parties were filed on March 1, 1965, at which time the testimony had of course been taken.

2. The period for bringing motions to dissolve an interference as to existing counts and to add counts is set to expire prior to the time for taking testimony.

independently of such decision, direct the attention of the Commissioner to any matter not relating to priority which may have come to their notice, and which in their opinion establishes the fact that no interference exists, or that there has been irregularity in declaring the same, or which amounts to a bar to the grant of a patent to either of the parties for the claim or claims in interference. The Commissioner may suspend the interference and remand the case to the primary examiner for his consideration of the matters to which attention has been directed if such matters have not been considered before by the examiner, or take other appropriate action. If the case is not so remanded, the primary examiner will, after judgment on priority, consider such matters, unless the same shall have been previously disposed of by the Commissioner.

On May 5, 1967, the Board of Patent Interferences handed down a "Decision on Motion to Remand." There the board observed that the opinion of the court remanding the case expressly stated that:

* * * the board should determine whether, "in their opinion," the Swedish patent "establishes the fact" that it "amounts to a bar to the grant of a patent to either of the parties," Rule 259.

Further observing that Allen has never "forthrightly and unquivocally asserted that the claims corresponding to the present counts are unpatentable to either party because barred by the Swedish patent" or applied the language of the claims to the disclosure of that patent "as would have been required of him in a motion timely filed within the usual motion period under Rule 232," and noting that Loshbough "has expressed no opinion on this matter" of patentability, the board stated that "consistent with 'the orderly procedure' which the court characterized as 'vitally necessary * * in the Patent Office,'" it believed "that the parties should have submitted unequivocal statements of their views

with respect to the question of patentability of the present counts over the Swedish patent (No. 173,332), to aid us in the determination we are now called upon to make." The board further stated:

However, we have considered the case as it is now before us and we have exercised such discretion as the court has stated "must be exercised." We find that the Swedish patent No. 173,332 does not establish (in the language of Rule 259) "the fact" that it "amounts to a bar to the grant of a patent to either of the parties" on the basis of at least one of the counts in interference, i. e. count 5. Accordingly, we would not be justified in making a recommendation to the Commissioner. The award of priority with respect to a patentable invention remains in effect and is adhered to.

In summary, Allen's motion under consideration is granted to the extent that we have considered the merits thereof and have determined that a recommendation to the Commissioner under Rule 259 is not justified * *.

It is at this point that the present Petition for Writ of Mandamus, filed March 29, 1968, appears in the chain of events. Upon being supplied with a copy of the petition by the court, the Commissioner brought a motion to intervene and that motion was granted by the court on April 22, 1968. The court subsequently, on September 3, 1968, set the case for oral argument on the petition, suggesting that the parties, in their briefs and oral arguments, discuss particularly the following questions:

1. Is the Writ of Mandamus which appellant seeks "necessary or appropriate" in the aid of the jurisdiction of the Court of Customs and Patent Appeals within the meaning of 28 USC 1651(a)? If so, what effect, if any, do the provisions of 35 USC 141–145 have on the issuance of the Writ of Mandamus?

2. Is the Writ of Mandamus which appellant seeks "agreeable to the

usages and principles of law" within the meaning of 28 USC 1651(a)?

3. Is the Commissioner of Patents the proper party to whom the Writ of Mandamus should be directed? If so, does the Commissioner of Patents have the authority, by statute or otherwise, to direct the "appropriate official or tribunal within the Patent Office to suspend proceedings" in the subject interference?

The petition itself divides the issue it raises into three parts, urging that (1) the court has power to issue a writ of mandamus, (2) the interference should be suspended and the parties given an opportunity to be heard on the question of patentability of present and proposed counts prior to further proceedings, and (3) disposition of the case in a judicial manner requires that the court issue the requested writ of mandamus. In briefs and oral argument the Commissioner opposes granting the petition as does the party Allen.

Loshbough bases his position that this court has the power to issue a writ of mandamus on 28 U.S.C. § 1651(a), which reads:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

He further asserts that it is "no longer disputed that this Court is an 'Article III—Constitutional Court' vested with full judicial powers," referring to the Act of Congress of August 25, 1958 (72 Stat. 848, 28 U.S.C. § 211) which declares the United States Court of Customs and Patent Appeals "to be a court established under article III of the Constitution of the United States." Loshbough additionally refers to "the companion case to Glidden Company v. Zdanok, 370 U.S. 530, 82 S.Ct. 1459, [8 L. Ed.2d 671] (1962), Lurk v. United States," and to Brenner v. Manson, 383 U.S. 519, 86 S.Ct. 1033, 16 L.Ed.2d 69, in support of his position.

In arguing that the parties should be offered a further opportunity to be heard on the question of patentability of the present and proposed counts before the appeal on the board's priority decision is determined, Loshbough asserts that the record on priority is "complex and involved" and that the time of the court required to consider that record must be balanced against the "possible inconvenience" caused the Patent Office by the action he seeks. Loshbough also makes reference to the reasons advanced by the Patent Office for declining to act on the merits of Allen's motion but states that those reasons "ignore the substantive injustice done to the parties."

The Commissioner argues that the court lacks jurisdiction to issue the writ of mandamus as sought here. His reasoning is that (a) this court, like the federal circuit courts of appeal "has at most jurisdiction to issue mandamus in aid of its appellate jurisdiction" under 28 U.S.C. § 1651(a), (2) the jurisdiction of this court in patent matters under 35 U.S.C. §§ 141 through 144 does not extend to review of decisions of the Commissioner, and (3) the writ to the Commissioner requested here is not in aid of the court's appellate jurisdiction. The Commissioner further argues that no injustice to the interference parties has been shown. He also states that, in view of the board's holding as to count 5 in its decision on the second remand finding a recommendation under Rule 259 not to be called for, this court "need have no further concern as to moot issues of priority."

At oral hearing, the solicitor, representing the Commissioner, stated that while the court does have power to issue a writ of mandamus, a writ would be completely improper in this case. He also urged that the court exceeded its power in its directions to the board in the second remand because Rule 259 does not give the board authority to make a determination of patentability. However, the solicitor took the position that the board had done what it was in-

structed to do and had definitely held that count 5 defines patentable subject matter.

Allen concedes that the court is "vested with the plenary power to grant all writs necessary or appropriate in the aid of its jurisdiction and agreeable to the usages and principles of law, 28 USC 1651(a)." However, he urges that the problem which the court's second remand ordered to be solved by the board "was solved by the exercise of discretion which the Court ordered to be exercised."[3] He states that "a justiciable controversy is now presented in this inter partes appeal."

Allen further states:

In order that there will be no doubt as to the party Allen's position, Allen states on the record that he is not seeking to have counts 1 to 4 issue as claims to him in a patent, if the award of the Board is affirmed. Allen states unequivocally and without reservation that if the Court affirms the Board's award of priority, he will upon return of this case to the Primary Examiner, cancel the claims corresponding to counts 1–4.

We invite Petitioner to join in a stipulated dismissal of the inter partes appeal as to counts 1–4.

■ Thorough consideration of Loshbough's petition and all the arguments made orally and in the briefs leads us to the conclusion that this court is vested with authority to issue a writ of mandamus in aid of its jurisdiction in appeals from the tribunals of the Patent Office. However, that same consideration compels us to conclude that a writ should not issue under the present circumstances.

■ As we stated in In re Fischer, 360 F.2d 230, 53 CCPA 1211:

There is no dispute that an appellate court generally possesses, as an inherent power, discretion with respect to the scope and type of the relief which it may grant and may make any proper disposition required. It is part of the judicial function to determine the disposition of cases within its jurisdiction. The judicial nature of the proceedings in this court, no matter at what stage, is no longer in question. Lurk v. United States, 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962) and Brenner v. Manson, 383 U.S. 519, 86 S.Ct. 1033 [16 L.Ed.2d 69] (1966). As stated by the Supreme Court, the bulk of this court's work involves the disposition of cases arising under Article III of the Constitution, that is cases arising under Federal law and cases to which the United States is a party. These cases and controversies are and must be disposed of in a judicial manner.

We not only adhere to that statement but also observe that 28 U.S.C. § 1651(a), supra, applies to this court as to all courts established by Act of Congress, specifically authorizing the issuance of all writs necessary or appropriate in aid of our jurisdiction.

■ On the other hand, consideration of the provisions of 28 U.S.C. § 1651(a) in the light of the facts compels the conclusion that a writ of mandamus is not appropriate here. More particularly, it is apparent that the writ which Loshbough seeks is not "necessary or appropriate" in aid of the court's jurisdiction in the priority appeal.[4] Thus the board's determination on the second remand that the Swedish patent does not

---

3. It is Allen's position that the board made three affirmative findings as follows:

    (1) The Swedish patent does not amount to the bar of a grant of a patent on the basis of *at least* count 5,

    (2) There was no justification for a recommendation to the Commissioner under Rule 259, and

    (3) The award of prority with respect to a *patentable invention* remained in effect and was adhered to.

4. Accordingly, no specific consideration is necessary here regarding the further requirement of the statute that the writ be "agreeable to the usages and principles of law."

amount to a bar to the grant of a patent as to "at least" count 5 and that a recommendation under Rule 259 is not justified changes the situation from that prevailing prior to that remand. It is now apparent that, on the record before us, the appeal to the court from the board's priority decision is established as not moot but as involving an issue of priority which now clearly can be determined in a judicial manner. It is further apparent that determination of priority in the interference as at present constituted will be determinative of priority as to any more limited claims supported by the disclosures of both parties, including the substitute count proposed in Allen's motion. In re Risse, 378 F.2d 948, 54 CCPA 1495.

The fact that the board did not express a view on the patentability of counts 1 through 4 has not been shown to present any problem which makes necessary or appropriate the extraordinary remedy of mandamus. Loshbough does argue that, even if count 5 is patentable, it would not mean that "priority of invention with respect to that one count necessarily results in priority of invention with respect to the others." However, as the Commissioner points out, the board treated the counts as a group in its findings on priority, although it did consider the question of Allen's right to make count 4. As further observed by the Commissioner, Loshbough treats all the counts as a group in his Notice of Appeal, thus leaving it at least uncertain that he plans to argue the later matter here. In any event, we find no showing that either the court or Loshbough will be put to any significantly increased burden because of the continued involvement of counts 1 through 4.

Although the Commissioner at oral argument questioned the propriety of the second remand on the basis that the court directed the board to do more than it has authority to do under the rules of the Patent Office, we find no occasion to discuss that matter. The determination which the board made seems to us to amount to a specific compliance with what is at least a logical and reasonable interpretation of our instructions as expressed on remand. That determination further appears to be in accordance with the terms of Rule 259 which, as applied here, provides for the board to direct the attention of the Commissioner to a matter which *"in their opinion * * ** amounts to a bar to the grant of a patent to either of the parties for the claim or claims in interference." [Emphasis ours.] It is only reasonable to conclude that, if the board had found "in their opinion" that the matter of the Swedish patent did amount to a bar to a patent, it would have followed the instructions of the court and directed the matter to the attention of the Commissioner under Rule 259. The significant factor here is that the remand did accomplish the result that any presumption of mootness which might be urged to arise from the motion of Allen has been overcome and the appeal on priority is established as a controversy subject to determination in a judicial manner.

■ We find no significance in the possibility that the appropriate Patent Office tribunals might, in proceedings subsequent to termination of the interference, hold that claims corresponding to counts 1 through 4 are unpatentable to the winning party.[5] Such possibility is nothing new. An example is found in the decisions in Kyrides v. Anderson, 121 F.2d 514, 28 CCPA 1336, and In re Kyrides, 159 F.2d 1019, 34 CCPA 920. In the former case, the court awarded priority to the junior party Kyrides as the first to reduce to practice a species of the invention of the count in issue by reason of an earlier copending application, while declining to consider whether the count was unpatentable to him for want of a generic disclosure in that application. In the later ex parte decision,

5. That circumstance could only arise if Loshbough obtained a reversal on appeal since, as already indicated, Allen has re-

nounced any intention to seek such claims if he prevails.

the court affirmed the rejection of the claim corresponding to the count on a patent issued to Anderson. That the court does not consider patentability in determining appeals from decisions of the Board of Patent Interferences on priority is firmly established by many decisions, examples being Glass v. De Roo, 239 F.2d 402, 44 CCPA 723; Loukomsky v. Gerlich, 264 F.2d 907, 46 CCPA 805; Taylor v. Ambrose, 332 F.2d 567, 51 CCPA 1454, and Anderson v. Scinta, 372 F.2d 523, 54 CCPA 1269.

We find no support for Loshbough's reference to "the substantive injustice done to the parties." The root of the present matter is a motion brought by Allen which Allen no longer seeks to have considered. Since Allen has stated that he will cancel his claims corresponding to ·counts 1 through 4, Loshbough has no reason to fear that those claims will issue to his opponent although he himself apparently remains free to urge their patentability before the Patent Office if he prevails on priority. Moreover, Loshbough, if he considers counts 1 through 4 unpatentable, can cancel the corresponding claims from his application on termination of the interference. Or, what appears more appropriate if he has that opinion, he can join Allen in the proposed stipulation for dismissal of the appeal as to those counts and make it unnecessary for the court or the parties to expend any further efforts on them.

Another consideration here is that Loshbough has not himself brought any motion to dissolve as to the present counts or to add any proposed count. Neither has he asserted the unpatentability of the present counts or the patentability of the proposed count, as would be required if he had brought such a motion.[6] With Allen being satisfied that the priority issue can be disposed of on the basis of the present status of the appeal and in effect disclaiming counts 1 through 4, while abandoning any effort to have his proposed new count added to the interference issue, Loshbough is left with no viable motion to support his petition.

In reality, the petition seeks a reopening of the interference, or, in effect, a new trial. Despite that, Loshbough has not shown, or even contended, that the new count proposed in the Allen motion or any other new count would result in a different result on the priority question, either on the basis of the evidence presently of record or of any new evidence which Loshbough might be in a position to provide. That circumstance itself indicates the absence of an appropriate reason for granting the petition.

Just as the granting of a writ of mandamus is not necessary or appropriate, so also the present circumstances do not warrant any further remand.

The petition is denied.

Denied.

WORLEY, C. J., concurs in the result.

SMITH, J., participated in the hearing of this case but died before a decision was reached.

6. Since Loshbough did not file a motion corresponding to Allen's motion and then did not advance such excuse as he himself might have had for belated filing, it is only a matter of conjecture whether the officials of the Patent Office would have accepted his excuse and taken action on the merits during the first remand. Moreover, no reason is apparent why Loshbough could not have filed any papers he wished for the purpose of answering Patent Office objections, or such petition as he deemed advisable, before or after either remand.