**Richard J. DUFFY, Petitioner,**

v.

**Rene D. TEGTMEYER, Acting Commissioner of Patents,**
**and**
**Gerald Barnes et al., Respondents.**

**Special Patent No. 182.**

United States Court of Customs
and Patent Appeals.

Jan. 10, 1974.

Rehearing Denied Feb. 28. 1974.

Before MARKEY, C. J., and RICH, BALDWIN, LANE and MILLER, JJ.

RICH, Judge.

This is a petition by Duffy, a party to interference No. 97,945 in the United States Patent Office, for a writ of mandamus to the Acting Commissioner of Patents to direct him "to apply Patent Office Rules 223, 225, and 231(a)(5) according to their express terms."

The Acting Commissioner, Rene D. Tegtmeyer, and Barnes et al., the other party to the interference, oppose the petition on various grounds pertaining to our jurisdiction. They also say that even if we had jurisdiction we should not exercise it because what the Commissioner did was within his discretion and because it was merely interlocutory.

*The Facts*

The interference is in its early stages. The party Barnes and Preziosi moved to remove Barnes as a named inventor in the involved application pursuant to 35 U.S.C. § 116 and Patent Office Rules 231(a)(5) and 45(b). The Primary Examiner denied the motion, ruling the supporting affidavits insufficient. At the same time that the motion was filed a preliminary statement was filed, signed only by Preziosi. A Patent Interference Examiner thereafter held the Preziosi preliminary statement defective because it was not signed by Barnes and put Barnes et al. under an order to show cause why judgment should not be rendered against them. Preziosi then petitioned the Commissioner to direct the examiner: (1) to grant the Barnes and Preziosi motion and delete Barnes as an inventor or (2) to vacate the decision denying the motion and defer its consideration to final hearing to permit testimony to be taken in the interference.

The chairman of the Board of Patent Interferences, acting for the Commissioner pursuant to Rule 181(g), granted the alternative relief to the extent that consideration of the question raised by Barnes et al. was deferred to final hearing to permit the taking of testimony and ruled that the petition would be regarded as a sufficient answer to the order to show cause. Duffy then petitioned for reconsideration and Acting Commissioner Tegtmeyer denied the petition, holding that Kistler v. Weber, 412 F.2d 280, 56 CCPA 1413 (1969), relied on by Duffy, was not applicable.

The present petition to this court for a writ of mandamus seeks to reverse the decisions of the chairman of the Board of Patent Interferences and of the Acting Commissioner. The All Writs Act, 28 U.S.C. § 1651(a), as interpreted by this court in Loshbough v. Allen, 404 F.2d 1400, 56 CCPA 913 (1969), is the principal authority relied on by petitioner to support the requested action, as giving us jurisdiction. The All Writs Act states:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

*Contentions of the Respondents*

Respondents, Barnes et al. and the solicitor, argue that the court does not have jurisdiction under the All Writs Act to entertain the instant petition. They concede that under Loshbough v. Allen the court has the authority, under the All Writs Act, to issue a writ of mandamus in aid of its jurisdiction, but argue that in the circumstances of this case the court has no jurisdiction to be aided by issuing such a writ. In Loshbough v. Allen we stated our conclusion that

> * * * this court is vested with authority to issue a writ of mandamus in aid of its jurisdiction in appeals from the tribunals of the Patent Office.

Respondent, Barnes et al., argues as follows:

Respondents do not take issue with the holding in Loshbough v. Allen that this Court is a Constitutional Court which has the authority to issue a Writ of Mandamus, *in aid of its jurisdiction,* within the meaning of 28 U.S.C. § 1651(a). The significant difference between *Loshbough* and the present proceeding is that in *Loshbough* an appeal to this Court under 35 U.S.C. § 141 *had been filed* by the moving party. Thus, the Court already had jurisdiction of the proceeding before the Writ was requested.

Here, there is no appeal under 35 U.S.C. § 141 to the Court of Customs and Patent Appeals from any final decision of the Board of Patent Interferences.

There is no assurance that this Court ever will have jurisdiction of the present interference because of the statutory provision allowing the losing party to appeal directly to the district court, or the winning party to remove an appeal from this Court to the District Court.[1] It is well established that 28 U.S.C. § 1651(a) does not by itself operate to confer jurisdiction where none otherwise existed; it may be invoked by the Court only in aid of jurisdiction which has already attached. Morrow v. District of Columbia [135 U.S.App.D.C. 160], 417 F.2d 728, 733 (D.C.Cir. 1969); 9 Moore's Federal Practice ¶110.29, p. 318.

The solicitor makes essentially the same argument for lack of jurisdiction in this court, pointing out that as yet there has been no decision on priority, that no formal appeal to this court has been filed in this case, and that in fact there may never be an appeal to this court because of the removal provisions of 35 U.S.C. § 141.

Should we disagree that we lack jurisdiction for the above reasons, then the solicitor and Barnes et al. further argue that we lack jurisdiction to review decisions of the Commissioner of Patents, which we are here being asked to do. In re Wiechert, 370 F.2d 927, 938, 54 CCPA 957, 969 (1967), is cited to support that proposition.

Furthermore, it is pointed out, the decisions involved here are merely interlocutory and this and other courts have in many cases ruled that mandamus is not proper where the ruling is merely interlocutory. The Patent Office cites Tenney v. Nordmeyer, 94 F.2d 396, 25 CCPA 851, 36 CCPA 346 (1938). Barnes et al. cite In re Borg, 392 F.2d 642, 55 CCPA 1021 (1968); *Loshbough,* supra; Anderson v. Watson, 103 U.S. App.D.C. 99, 254 F.2d 956 (1958); Phillips Petroleum Co. v. Brenner, 260 F. Supp. 45 (D.C.D.C.1966); Doyle v. Brenner, 127 U.S.App.D.C. 283, 383 F.2d 210 (1967); Conversion Chemical Corp. v. Gottschalk, 341 F.Supp. 754 (D.C. Conn.1972); and Klein v. Commissioner, 474 F.2d 821 (4th Cir. 1973).

## OPINION

■ With respect to the threshold question whether, under the present circumstances, this court *can* issue a writ of mandamus under the All Writs Act, *in aid of its jurisdiction,* we do not agree with respondents that we are without jurisdiction at this juncture merely because no appeal has been taken to this court from a final decision on priority by the Board of Patent Interferences. See FTC v. Dean Foods Co., 384 U.S. 597, 603, 86 S.Ct. 1738, 16 L. Ed.2d 802 (1966); Roche v. Evaporated Milk Assn., 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). Cf. Matsushita Electric Industrial Co. v. The U. S. Treasury Dept., 67 Cust.Ct. 328, C.D. 4292 (1971), affirmed, 485 F.2d 1402, 60 CCPA 85 (1972). The answer to respondents' main contention is well stated in summary fashion in the following

1. More accurately, this is not an "appeal" but an action de novo under 35 U.S.C. § 146, with the right in the winning party, under 35 U.S.C. § 141, to force an opponent who appeals to this court to go to the District Court instead.

quotation from FTC v. Dean, 384 U.S. at page 603, 86 S.Ct. at page 1742:

The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The exercise of this power "is in the nature of appellate jurisdiction" where directed to an inferior court, Ex parte Crane, 5 Pet. 190, 193, 8 L.Ed. 92 (1832) (Marshall, C. J.), and extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may be later perfected. Cf. Ex parte Bradstreet, 7 Pet. 634, 8 L.Ed. 810 (1833) (Marshall, C. J.). These holdings by Chief Justice Marshall are elaborated in a long line of cases, including McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910), where Mr. Justice Day held: "[w]e think it the true rule that where a case is within the appellate jurisdiction of the higher court a writ . . . may issue in aid of the appellate jurisdiction which might otherwise be defeated. . . ." At 280, 30 S.Ct. 501. And in Roche v. Evaporated Milk Assn., 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943), Chief Justice Stone stated that the authority of the appellate court "is not confined to the issuance of writs in aid of a jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected." At 25, 63 S.Ct. 938.

This being the law, we think that the fact that there has yet been no decision on priority and, consequently, no appeal therefrom, goes more correctly to the question whether we *ought* to exercise jurisdiction in such a case as this because the issuance of a writ of mandamus would be *necessary or appropriate* in aid of our jurisdiction and agreeable to the usages and principles of law.

■ The appropriate question, therefore, is whether such a writ is necessary or appropriate in aid of our jurisdiction and whether, under the permissive language of the All Writs Act, the court deems it desirable and proper to issue the writ of mandamus. As respects the latter, it is clear that it is an extraordinary remedy to be issued in exceptional circumstances and, in a case involving a discretionary action, only where there has been a clear abuse of discretion. See, e. g., Howes Leather Co. v. LaBuy, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

■ The solicitor, in his opposition to the petition, notes that "in patent matters, this court has no jurisdiction to review decisions by the Commissioner of Patents," such as those here. See Sundback v. Blair, 47 F.2d 378, 18 CCPA 1016 (1931). It seems clear, however, that this court does have jurisdiction to review decisions of the Commissioner of Patents on questions which are "ancillary to priority" in the context of an interference, Vandenberg v. Reynolds, 242 F.2d 761, 44 CCPA 873 (1957), and after remand 268 F.2d 744, 46 CCPA 938 (1959). See also Myers v. Feigelman, 455 F.2d 596, 59 CCPA 834 (1972), and Norton v. Curtiss, 433 F.2d 779, 57 CCPA 1384 (1970). Often Commissioner's decisions are passed on by the board at final hearing and become reviewable on appeal. That is likely to be the case here when the motion, which the chairman of the board, acting for the Commissioner, deferred to final hearing, is decided by the board. This question has been deemed ancillary to priority. See Crane v. Grier, 71 F.2d 180, 21 CCPA 1163 (1934); Briggs v. Kaisling, 288 F. 254, 53 App.D.C. 48 (1923); Lemp v. Randall, 33 App.D.C. 430, 1909 C.D. 455 (1909); Manny v. Garlick, 135 F.2d 757, 30 CCPA 1008 (1943). It appears that the decision here deferring to final hearing the motion of Preziosi to delete Barnes as an inventor assumed that the issues involved were ancillary to priority and would thus be reviewable by this court on appeal.

■ However, while the issue involved here is one which we might have

jurisdiction to decide in the context of our review of a decision of the Board of Patent Interferences on priority, it does not seem either *necessary* or *appropriate* in aid of such jurisdiction to issue such a writ *at this stage* of the interference proceeding, at which there has in fact been no appeal to this court from a decision on priority. See Loshbough v. Allen. The decision was of an interlocutory nature and it was one within the discretion of the Commissioner. No sufficient showing has been made that he (or his delegates) *abused his discretion.* We are not disposed to interfere with the orderly progress of the interference through the Patent Office to final hearing and a decision on priority, from which the loser will have an appeal to this court. As has been pointed out by the solicitor, petitioner might even be the winner on the merits.

## DECISION

Accordingly, the petition for an order in the nature of a writ of mandamus is denied.