Edward D. WEIL, Petitioner,

v.

C. Marshall DANN, Commissioner of Patents, and Charles D. Fritz, et al., Respondents.

Special Patent Docket No. 184.

United States Court of Customs and Patent Appeals.

Oct. 10, 1974.

Jerry D. Voight, Washington, D.C. (Finnegan, Henderson, Farabow & Garrett, Washington, D. C.), attorneys of record, for petitioner.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents, C. Marshall Dann.

Stanley H. Cohen, Philadelphia, Pa., (Caesar, Rivise, Bernstein & Cohen, Philadelphia, Pa.), for Fritz and others.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

PER CURIAM.

Petitioner seeks a writ of mandamus directing the Commissioner of Patents

to reverse the decision of the examiner denying Weil's motion to shift the burden of proof in interference No. 97,772, which on petition the Commissioner refused to disturb. The adverse party in interference, Fritz et al., joined the Commissioner's opposition to the petition here and filed a motion for summary denial thereof.

Petitioner alleges an erroneous application of the law in the decision of the examiner. On authority of In re Schmidt, 48 CCPA 1140, 293 F.2d 274 (1961), the examiner accorded Fritz et al. the benefit of the filing date of an earlier application after Cooke's name was added as a co-inventor under 37 CFR 1.45(c) to those of Fritz and Evans.

We decline to consider the merits of the examiner's decision and express no opinion thereon. The issue raised by petitioner is ancillary to priority and is subject to consideration by the Board of Patent Interferences under 37 CFR 1.-258(b). Petitioner would bypass such consideration, bringing the interlocutory question directly to us and avoiding the normal procedure wherein judicial review is not available until after the board has decided the case.

■■ We have jurisdiction to issue a writ of mandamus at this juncture when justice necessitates that extraordinary step. Duffy v. Tegtmeyer, 489 F.2d 745 (CCPA 1974); Loshbough v. Allen, 56 CCPA 913, 404 F.2d 1400 (1969). However, mandamus must not be abused by being made the vehicle for review of routine interlocutory orders. Nor is mandamus appropriate when effective relief is available on appeal. Cmax, Inc. v. Hall, 290 F.2d 736 (9th Cir. 1961); Albert v. U. S. Dist. Ct. for W. Dist. of Mich., 283 F.2d 61 (6th Cir. 1960), cert. denied, 365 U.S. 828, 81 S. Ct. 713, 5 L.Ed.2d 706 (1961).

■■ Petitioner must bear the burden of proof as junior party even though it may be finally found that he was entitled to senior party status. The necessity of orderly procedure and the husbanding of judicial time and effort often require litigants to undergo costs and inconvenience which might be avoided by interlocutory review. Roche v. Evaporated Milk Ass'n., 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943), Evans Electrical Const. Co. v. McManus, 338 F.2d 952 (8th Cir. 1964), Gulf Research & Development Co. v. Harrison, 185 F. 2d 457 (9th Cir. 1950).

Petitioner has not shown that issuance of the writ would foster effective appellate review in this case nor has he convinced us that the Commissioner abused his discretion in refusing, on petition, to disturb the examiner's decision denying the motion to shift the burden of proof.

We find that the issuance of a writ is neither necessary nor appropriate in the matter before us. See Wembley, Inc. v. Commissioner of Patents, 235 F.Supp. 704 (D.D.C.1964), aff'd, 352 F.2d 941 (1965); Duffy v. Tegtmeyer, supra; Loshbough v. Allen, supra. Accordingly, the petition for writ of mandamus is denied and the motion for summary denial of the petition is granted.