Junuthula N. REDDY, Petitioner,

v.

C. Marshall DANN, Commissioner of Patents and Trademarks, et al., Respondents.

Patent Appeal No. 76–595.

United States Court of Customs and Patent Appeals.

Feb. 12, 1976.

Gerald K. Flagg, Southfield, Mich., for petitioner Junuthula Reddy.

Joseph F. Nakamura, Sol., Washington, D. C., for Commissioner of Patents and Trademarks C. Marshall Dann; Jere W. Sears, Deputy Sol., Washington, D. C., of counsel.

Foorman L. Mueller, Phoenix, Ariz., for respondents Davis and others.

PER CURIAM.

This petition for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), requests us to vacate the October 6, 1975, decision by the Chairman of the Patent and Trademark Office (PTO) Board of Patent Interferences,[1] reported at 187 USPQ 386 (Com'r Pats. 1975), which denied Reddy's petition from a decision of the Patent Interference Examiner denying Reddy's motion to restrict Davis et al. (Davis), senior party in interference No. 98,661, to his effective filing date under 37 CFR 1.223(a). We deny the petition.

Preliminarily, the Commissioner argues that we lack subject matter jurisdiction over this petition for writ of mandamus, repeating the arguments we rejected in *Weil v. Dann,* 503 F.2d 562, 183 USPQ 300 (CCPA 1974), and *Duffy v. Tegtmeyer,* 489 F.2d 745, 180 USPQ 317 (CCPA 1974), and adding the sugges-

tion that, since we denied writs in those cases on the merits, our discussions of the jurisdictional issue were obiter dicta. We point out that our decisions in *Duffy* and *Weil* to deny writs were necessarily based on our first finding that we had jurisdiction to issue writs of mandamus. Had we lacked jurisdiction, the petitions would have been dismissed without any consideration of the merits. Our discussions of jurisdiction were, therefore, not dicta.

Petitioner Reddy acknowledges that the decision of which he complains pertains to an interlocutory matter, which we note may be raised by petitioner in the interference at final hearing. We will not interfere by extraordinary writ with interlocutory PTO decisions where petitioner has an effective appellate remedy. *Weil v. Dann,* supra. Petitioner has not shown that the Commissioner's decision has prevented effective review by us of a possible future award of priority against him. See also *Cook v. Dann,* 522 F.2d 1276, 188 USPQ 175 (CCPA 1975); cf. *Import Motors Limited, Inc. v. International Trade Commission,* 530 F.2d 940, ——, 63 CCPA ——, ——, 188 USPQ 102, 104 (1975) (granting an injunction to stay proceedings before the Commission pending decision on an appeal to this court).

Davis alleges that this petition by Reddy is part of an "inundative" paperwork "game plan" of harassment and moves that we award him reasonable attorneys' fees in this proceeding, presumably by analogy with 35 U.S.C. § 285.[2] Without passing on the merits of Davis' allegations, we hold that we do not have authority to award attorneys' fees in proceedings before us. The general American rule is that litigants pay their own attorneys' fees absent statute or enforceable contract. *Alyeska Pipeline*

---

1. By delegation from the Commissioner of Patents and Trademarks pursuant to Manual of Patent Examining Procedure § 1002.02(f).

2. § 285. *Attorney fees*

The court in exceptional cases may award reasonable attorney fees to the prevailing party.

*Service Co. v. Wilderness Society,* 421 U.S. 240, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), and cases cited therein. Section 285, which appears in the chapter of Title 35 concerning infringement actions, is clearly inapplicable to this court, and we find no other statutory provision controlling the matter directly. Our rules make no explicit reference to the award of fees or costs to a prevailing party,[3] and we have not awarded costs other than printing costs since the establishment of this court's predecessor in 1910. Rule 1.4(a) of this court provides:

The Federal Rules of Appellate Procedure shall govern any practice or procedure not specifically covered by these rules.

The award of attorneys' fees is not, in our opinion, a matter of mere "practice or procedure." The Federal Rules, in any case, do not provide for the award of attorneys' fees as such, but only as part of the "just damages" which may be awarded in the court's discretion under Federal Rules of Appellate Procedure Rule 38 to appellees in frivolous appeals. Since there is no statute or rule having the effect of statute empowering us to award attorneys' fees, Davis' motion is denied.

*Petition denied.*

---

3. The assessment of printing costs under our Rule 5.6(c) does not depend on which party prevails.