**FORMICA CORPORATION, Petitioner,**

v.

**Saul F. LEFKOWITZ, David Kera, and Janet E. Rice, Members, Patent and Trademark Office, Trademark Trial and Appeal Board, Federal Trade Commission, Petitioner in Cancellation Proceeding No. 11,955, Respondents.**

**Appeal No. 79–526;
Cancellation No. 11,955.**

United States Court of Customs and Patent Appeals.

Jan. 25, 1979.

Stanton T. Lawrence, Jr., Philip T. Shannon, Pennie & Edmonds, New York City, Walter L. Stratton, Vivian Polak, Donovan, Leisure, Newton & Irvine, New York City, John M. Mackey, Wayne, N. J., for petitioner.

John H. Evans, Lynne E. Petros, Federal Trade Commission, Denver, Colo., Joseph F. Nakamura, Sol. U. S. Patent and Trademark Office, Washington, D. C., for respondents.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE, and MILLER, Judges.

On Petition for Writs of Mandamus and Prohibition

RICH, Judge.

The basic proceeding to which the present matter relates is a trademark cancellation proceeding, No. 11,955, in the United States Patent and Trademark Office (PTO).[1] The trademark is FORMICA and the cancellation petitioner is the Federal Trade Commission (FTC). The FTC's petition was filed May 31, 1978. The respondent therein is Formica Corporation, owner of the mark and of its certificate of registration, No. 421,496, under the Trademark Act of February 20, 1905, registered June 4, 1946.[2] The mark was republished, with the prescribed affidavits, under § 12(c) of the Trademark Act of 1946 (15 U.S.C. § 1062(c))

---

1. *Federal Trade Commission v. Formica Corp.*, 200 USPQ 182 (TTAB 1978).

2. The registration was amended Aug. 30, 1966, in that the drawing was changed to show the mark in plain block letters instead of letters incorporating a design. The registration has been maintained by the filing of the affidavits required by sections 8 and 15 of the 1946 act (15 U.S.C. § 1058 and § 1065) and by timely renewal for a second term of 20 years, running from June 4, 1966.

on May 11, 1948, in the Official Gazette of the then Patent Office.

The matter now before this court is a petition for writs of mandamus and prohibition arising from the following situation.

In the aforesaid cancellation proceeding before the PTO Trademark Trial and Appeal Board (TTAB), Formica Corporation moved to dismiss FTC's petition to cancel, according to the TTAB opinion, "on the ground 'that the FTC is without statutory authority to bring the instant cancellation proceeding'." The statute involved on the point of the FTC's authority is the proviso of section 14 of the 1946 Act as amended by Public Law 87–772, 76 Stat. 769, Oct. 9, 1962, which section reads in pertinent part:

*Sec. 14 (15 U.S.C. § 1064). Cancellation of registrations*

A verified petition to cancel a registration of a mark, stating the grounds relied upon, may, upon payment of the prescribed fee, be filed by any person who believes that he is or will be damaged by the registration of a mark on the principal register established by this Act, or under the Act of March 3, 1881, or the Act of February 20, 1905—

\* \* \* \* \* \*

(c) at any time if the registered mark *becomes the common descriptive name of an article or substance*, or has been abandoned, or its registration was obtained fraudulently or contrary to the provisions of section 4 or of subsection (a), (b), or (c) of section 2 of this Act for a registration hereunder, or

contrary to similar prohibitory provisions of said prior Acts for a registration thereunder, or if the registered mark is being used by, or with the permission of, the registrant so as to misrepresent the source of the goods or services in connection with which the mark is used; \* \* \*

\* \* \* \* \* \*

*Provided,* That the Federal Trade Commission may apply to cancel on the grounds specified in subsections (c) and (e) of this section any mark registered on the principal register established by this Act, and the prescribed fee shall not be required. [Emphasis ours. Subsection (e) is not here involved.]

The FTC relies on the above proviso as its authorization to petition to cancel the registration of FORMICA and the ground asserted for cancellation is the one emphasized in paragraph (c), that FORMICA has become the common descriptive name of an article or substance.[3]

The statutory ground on which Formica Corporation based its motion before the TTAB to dismiss the petition was that its registration of FORMICA under the 1905 Act, though republished in accordance with § 12(c) of the 1946 Act, does not conform to the words of the proviso, "any mark registered on the principal register established by this Act," meaning the 1946 Act. Wherefore, Formica Corporation contended, the FTC is not authorized to proceed against its registration.[4] The FTC strongly

---

3. We assume it to be the intent of the drafters of the statute to say that the mark has become the common descriptive name of some article or substance *for which it was registered*, not just any article or substance. The goods named in the registration certificate sought to be cancelled are: "Laminated sheets of wood, fabric, or paper impregnated with synthetic resin and consolidated under heat and pressure, for use on table tops, furniture and wall panelling."

4. With typical Lanham Act ineptitude, the proviso of § 14 speaks of applying "to cancel \* \* any mark" although the opening of the same section speaks of a "petition to cancel a registration." Here again we shall assume that the drafters of the proviso intended to authorize

the FTC to petition to cancel certain *registrations*, which is another way of saying to *remove* marks from the principal register, which register, we understand, is merely a figment of legal imagination—a label imprinted on certificates of registration to indicate what statutory legal consequences shall attach to the act of registering, there being two kinds of registration under the statute with different legal consequences. We can visualize no way in which a *trademark*—even when it has ceased to *be* a trademark by becoming a generic name—can be "cancelled." Since registration does not create trademarks, which must preexist to be registrable, it follows that removal from the register does not "cancel" them. *See* 1 J. McCarthy, *Trademarks and Unfair Competition* § 20:17(c) at 799 (1973) and cases cited.

urged before the TTAB that republication under § 12(c) of the 1946 Act caused FORMICA to become a "mark registered on the principal register" created by the 1946 Act.

In an opinion of November 8, 1978, supporting its denial of the motion to dismiss the cancellation petition, the TTAB, after extensive briefing and oral argument, agreed with the position of the FTC. The board held: "A mark [registered under the 1905 Act] which is republished is thenceforth as much on the Principal Register as though it had been originally registered thereon." In denying the motion to dismiss, the TTAB gave the respondent until December 8, 1978, to file an answer and set a pre-trial conference for December 15, 1978.

Formica Corporation, after denial of its motion to dismiss, filed in this court on November 22, 1978, the petition for writs of mandamus and prohibition "ordering the TTAB (a) to vacate its Opinion and Order of November 8, 1978, and (b) to dismiss Cancellation Proceeding No. 11955 for lack of jurisdiction on the ground that the FTC does not have statutory authority to bring such proceeding."

As shown by the heading of this opinion, the members of the TTAB who rendered the decision denying the motion to dismiss were made respondents along with the FTC.

November 27, 1978, Formica Corporation obtained from the TTAB a suspension of all proceedings, including its time to answer and the pre-trial conference, pending the outcome of the present petition for mandamus.

The FTC has responded to the petition for mandamus by filing a motion to dismiss that petition on the ground that this court lacks jurisdiction to grant the writs by reason of an interesting ploy on the part of the FTC, which proceeds as follows. The petition, says the FTC, "is the equivalent of an appeal from a decision of the TTAB and should be governed by Section 21 of the Lanham Act, 15 U.S.C. § 1071, the statutory

provision for appeals from TTAB decisions." (A footnote to that statement says: "The FTC, of course, does not concede that an interlocutory appeal from the TTAB's decision would be appropriate.") Under section 21, as is well understood, one dissatisfied with a "decision" of the TTAB in a cancellation proceeding has the option of appealing to this court or of proceeding by way of a civil action under section 21(b); and, in an inter partes proceeding, if a dissatisfied party appeals to this court, an opponent may elect "to have all further proceedings conducted as provided in section 21(b)," by civil action in an appropriate district court. Treating this petition for mandamus as an appeal within the meaning of the statute, the FTC filed a notice of election in the PTO simultaneously with the filing of its motion to dismiss the petition for mandamus in this court, on which basis it urges that "this *de facto* appeal should be dismissed." Its theory is that when such a notice of election is filed, this court *must* dismiss any appeal lodged before it and, since the petition is a de facto appeal, we must dismiss it because we have been deprived of jurisdiction. The FTC has also taken a further step. An affidavit of the Secretary of the FTC dated December 11, 1978, states:

On December 8, 1978, the Commission *determined* that, in the event of any further appeal of a decision of the Trademark Trial and Appeal Board in Cancellation Proceeding No. 11955, the Commission *will elect* to have all further proceedings conducted in a civil action as provided in 15 U.S.C. § 1071(b). [Emphasis ours.]

Combining its present purported actual election and its "determination" to always elect in the future, the FTC says that this court has no present or prospective jurisdiction over this cancellation proceeding in aid of which we could possibly issue a writ of mandamus and therefore we have no jurisdiction of this petition under the All Writs Act, 28 U.S.C. § 1651(a), under which Formica Corporation has purported to file its petition for the writs.

The PTO Solicitor, acting as counsel for the three TTAB members who denied the motion to dismiss, has also filed a motion to dismiss the petition now before us. The position taken is that taken by the FTC, that in view of the present election and promise of future election to take review away from this court, we are without "jurisdiction over the subject matter of the PETITION and therefore the PETITION must be dismissed."

Formica Corporation, responding to both motions to dismiss, attacks the underlying basis of the contention of the FTC and the PTO that this court is without jurisdiction to pass on the petition for mandamus, asserting that the purported election to have this and all further proceedings by way of a civil action is a nullity. The reasoning is that the TTAB has not yet rendered any "decision" which could be appealed to this court,[5] that section 21 of the Trademark Act (15 U.S.C. § 1071) pertaining to appeal and review by civil action is therefore inapplicable, that there has not been an appeal, and therefore the FTC cannot make an election under the statute and its notice of election is a nullity. Furthermore, the FTC's December 8th "determination" to elect in the future is no more than a statement of present intent, is not binding on it, and, therefore, is not an act which destroys this court's jurisdiction.

## OPINION

### The Motions to Dismiss

█ We believe the present effort to deprive this court of jurisdiction even to consider a petition for a writ of mandamus and/or prohibition through the device of the notice of election the FTC has filed under § 21 (15 U.S.C. § 1071) presents a question of first impression. Obviously, we must deal with it before we consider the petition.

We agree with petitioner here, Formica Corporation, that the notice of election filed with the PTO is of no effect—that it is a nullity. The simple reason is that this is not an appeal in connection with which the election under § 21 may be made; it is a petition for extraordinary relief. The FTC's assertion that this petition is really an appeal is tantamount to a suggestion that Formica Corporation *could have* appealed under this court's interpretation of the so-called "final judgment" rule, *see Stabilisierungsfonds Für Wein v. Zimmermann-Graeff KG*, 198 USPQ 154 (Cust. & Pat.App.1978), and that we should treat it as an appeal. The fact is, however, that Formica Corporation chose not to appeal, and we therefore express no opinion concerning whether such an appeal, had it been taken, would be entertained by this court at this time. Formica Corporation has asked this court for a writ of mandamus or prohibition, and we must decide whether or not to grant the requested writ, not whether Formica Corporation *should* or *could* have appealed instead. We will not, as the FTC requests, treat the petition before us, under the circumstances of this case, as something which it is not. Formica chose to apply for the writ and the parties must take all that comes with such an application; the small likelihood that it will be granted and the inability of the FTC to elect under § 21 are included in this baggage. We will not rewrite Formica Corporation's petition for the convenience of the FTC.

No appeal having been taken, the FTC has no statutory right to make an election to have all further proceedings by civil action under § 21(b). In the absence of such a right, the purported notice of election the FTC has filed in the PTO, being unauthorized, is, as petitioner contends, a nullity.

█ The FTC's other maneuver—its alleged internal "determination" in the future always to elect a civil action in the event of any true appeal to this court in

---

**5.** No party to this proceeding has suggested that the TTAB's interlocutory decision denying Formica Corporation's motion to dismiss is an *appealable* decision, under section 21 or otherwise. It would appear that Formica Corpora-

tion filed the petition for mandamus, etc., presently before us because it thought the board's denial of its motion to dismiss was not appealable.

this cancellation proceeding—is equally ineffective. At best, it is a mere expression of intent and not an act that can have any legal effect. The "determination" is not binding on the FTC, which could change its mind tomorrow; or the makeup of the FTC could change and result in a different view of what it should do.[6] We continue to have *potential* jurisdiction over a true appeal from an appealable decision of the TTAB in this cancellation proceeding. That potential jurisdiction cannot be taken away until after it has attached by the taking of an appeal. *See Duffy v. Tegtmeyer*, 489 F.2d 745, 180 USPQ 317 (Cust. & Pat.App.1974).

Since we see no merit in the FTC and PTO motions to dismiss for lack of this court's jurisdiction to consider the petition for the writs requested, we turn now to the question whether this is a proper case in which to issue them.

### The Requested Writs

▇▇▇ It is settled law that this court has the discretionary power to issue writs of mandamus and prohibition under the All Writs Act, 28 U.S.C. § 1651. *Loshbough v. Allen*, 404 F.2d 1400, 56 CCPA 913, 160 USPQ 204 (1966). *See also Weil v. Dann*, 503 F.2d 562, 183 USPQ 300 (CCPA 1974); *Duffy v. Tegtmeyer*, supra. However, we do not regard the issuance of either writ to be appropriate or necessary in this case, for the reasons hereinafter stated.

While it is true that we do not presently have appellate jurisdiction of this case, apart from the petition before us, we have noted above our prospective jurisdiction

which is sufficient for the purposes of the All Writs Act. *See Roche v. Evaporated Milk Assoc.*, 319 U.S. 21, 25, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). Even so, we may not grant the requested writs unless doing so is "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). In this respect, we have guidance from the Supreme Court, which stated in *Roche*, supra at 26, 63 S.Ct. at 941:

> The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.

*See also, Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 352, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

It is Formica Corporation's contention that the FTC is not authorized by § 14 of the 1946 Trademark Act (15 U.S.C. § 1064) to bring a cancellation proceeding against a 1905 Act registration which has been republished under § 12(c) of the 1946 Act (15 U.S.C. § 1062(c)). In essence, the argument is that the FTC lacks standing to initiate the cancellation proceeding, wherefore the TTAB lacks the power to hear this case.

▇▇▇ While such an argument is sometimes referred to as directed toward lack of "jurisdiction" in the TTAB to hear the case, the inclusion of an improper party or the non-existence of a proper petitioner is not a jurisdictional defect in the traditional sense.[7] However, lack of standing has been

---

**6.** The carrying out of its "determination" for the future is not altogether in the hands of the FTC. The proposal has already been floated in government circles that the alternate remedy of review by civil action be abolished as superfluous. At some future date it might not be possible to escape this court's jurisdiction by that route. In any event, it seems somewhat strange (unless it be regarded as the sheer fun of playing legal games) that the FTC should deem it preferable to take *a pure question of law involving no disputed facts*—and that is what this petition for mandamus involves—to a judge of a busy district court by the civil action election route rather than leaving it with a five-judge appellate court which always sits en

banc. Which is the preferred tribunal for settling a question of law? The theoretical justification of the trial de novo is to provide for receiving evidence of *facts*, not settling the law. Game playing at the expense of the judiciary cannot be too strongly disapproved.

**7.** There can be no question that the TTAB has *subject matter jurisdiction* over cancellation proceedings, 15 U.S.C. § 1067, and neither party has asserted insufficient notice or other violation of due process which would invalidate *personal jurisdiction* of the TTAB over the parties. The problem of standing, however, is a concept related to jurisdiction. *See U. S. ex rel. Chapman v. Federal Power Commission,*

thought of as related to jurisdictional defects and, if proven, an adequate basis for dismissal on appeal for want of a justiciable controversy, which justiciable controversy is a sine qua non for the exercise of Article III judicial power. *Cf. Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); *Frothingham v. Mellon*, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923).

■ This, however, is not an appeal. The question before us is whether or not Formica Corporation has established a proper case for the remedy it seeks. "[W]hile a function of mandamus in aid of appellate jurisdiction is to remove obstacles to appeal, it may not appropriately be used merely as a substitute for the appeal procedure prescribed by statute." *Roche*, supra, 319 U.S. at 26, 63 S.Ct. at 941. This is particularly true, where, as here, the issue involves "jurisdictional questions which [the TTAB] was competent to decide and which are reviewable in the regular course of appeal." *Id.; accord, Alkali Export Assoc. v. United States*, 325 U.S. 196, 202–03, 65 S.Ct. 1120, 89 L.Ed. 1554 (1945). This court has refused to grant the writ where it is sought as a vehicle for review of routine interlocutory orders and where effective relief is available in the regular course of appeal. We recognize that "The necessity of orderly procedure and the husbanding of judicial time and effort often require litigants to undergo costs and inconvenience which might be avoided by interlocutory review." *Weil v. Dann*, supra, 503 F.2d at 563, 183 USPQ at 300. As we said in *Stabilisierungsfonds*, supra, "If the parties could take up on appeal each disputed ruling by the TTAB as it was handed down, an inter partes proceeding could drag on indefinitely."

■ In deciding whether to grant mandamus, we must recognize the extraordinary nature of the relief requested. "Though the power is curative, it is strong medicine and its use must therefore be restricted to the most serious and critical ills." *United*

States v. Boe*, 543 F.2d 151, 157–58, 64 CCPA 11, 19, C.A.D. 1177 (1976). In considering the application of this principle to the present case, we note the test enunciated in *American Airlines, Inc. v. Forman*, 204 F.2d 230, 232 (1953), by the Third Circuit, for cases where mandamus is sought to correct the allegedly wrongful assumption of jurisdiction, which appears to us to be particularly suited to this situation:

> The challenged assumption or denial of jurisdiction must be so plainly wrong as to indicate failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled common law doctrine. *If a rational and substantial legal argument can be made in support of the questionable jurisdictional ruling, the case is not appropriate for mandamus* * * * even though on normal appeal a court might find reversible error. [Emphasis ours.]

*Accord, Ex parte Chicago, Rock Island & Pacific Railway Co.*, 255 U.S. 273, 41 S.Ct. 288, 65 L.Ed. 631 (1921); *American Fire Insurance Co. v. U. S. District Court*, 538 F.2d 1371 (9th Cir. 1976); *Pfizer v. Lord*, 522 F.2d 612, 615 (8th Cir. 1975), *cert. denied*, 424 U.S. 950, 96 S.Ct. 1421, 47 L.Ed.2d 356 (1976). Our decision in *United States v. Boe*, supra, is consistent with this approach, which we now expressly adopt.

Applying this test to the case before us, clearly this is not a proper case for mandamus. Our research reveals that, at the time of the hearing on Formica Corporation's motion to dismiss, there was some indication that Formica Corporation's republished 1905 Act registration should be considered as one of a mark "registered on the principal register established by this Act" (the Lanham Act) and thus subject to the proviso. In her "Commentary on the Lanham Trademark Act," printed in the 1948 edition of Title 15 U.S.C.A. §§ 81–1113, Daphne Robert (a participant in the drafting of the Lanham Act and later Assistant Commissioner Daphne Leeds and as such the prede-

---

345 U.S. 153, 73 S.Ct. 609, 97 L.Ed. 918 (1953); C. Wright, *Law of Federal Courts* § 13 at 42–52 (3d Ed. 1976). If the cancellation petitioner has

no standing, the cancellation proceeding must be dismissed, in which sense the TTAB loses "jurisdiction" over the matter.

cessor of the TTAB) asserted that a republished registration "is for all purposes *a registration on the principal register and is subject to all provisions of the new Act as if it had been originally registered under that Act.*" (Emphasis ours.) Title 15, U.S.C.A. §§ 81–1113 at 276 (1948). Particularly, with respect to the authority of the FTC to petition to cancel republished registrations, she commented: "the Federal Trade Commission may not apply to cancel such registrations until they become principal registrations by virtue of [republication]." *Id.* at 283. On the other hand, the only decision on the point, *Federal Trade Commission v. Elder Manufacturing Co.*, 84 USPQ 429 (Comm'r 1950), had held that the FTC had no standing to petition to cancel any registration obtained under a previous trademark act, *whether or not republished.* To add to the confusion, one commentator has cited the *Elder* case for the proposition that the FTC can act against a pre-Lanham Act registration only *if it has been republished. See* Vandenburgh, *Trademark Law and Procedure*, § 10.90 at 463 n. 4 (2d ed. 1968). No court has ever passed on this issue.

Furthermore, we have carefully considered Formica Corporation's arguments and supporting documents based on legislative history but do not find in the striking and reenactment of § 14, section 9 of Pub.L. No.87–772, 76 Stat. 769 (1962), or the contemporaneous events surrounding its reenactment, *see* S.Rep.No.2107, 87th Cong., 2d Sess., *reprinted in* U.S.Code Cong. & Admin.News, 87th Cong., 2d Sess., pp. 2844–57 (1962), a clear indication of legislative intent regarding the meaning of the proviso here at issue. In response to the suggestion of the FTC that *Elder* should be legislatively overruled, the committee stated in its report:

> The committee does not think it appropriate to consider charges of this nature at this time, since the instant bill is in large part a housekeeping measure, making minimal substantive changes in the trademark law. The Federal Trade Commission's suggestions, on the other hand, would bring about a substantive change

in policy. In addition, the committee has been advised that there is no present need for this particular change.

U.S.Code Cong. & Admin.News, supra, at 2845. Even the committee's report is not without ambiguity; it is not entirely clear which of the FTC's suggestions the committee found unnecessary. Of the two suggestions offered by the FTC· with respect to § 14, the committee is here responding to one, which is unspecified. The *Elder* decision was a single isolated event by a single Commissioner of Patents and cannot be considered as representative of an accepted administrative practice.

Where, as here, the law at the time of the hearing on Formica Corporation's motion was in such an unsettled state, the issue was definitely one for which "a rational and substantial legal argument [could have been] made" in support of either position. We cannot fault the TTAB for deciding the motion to dismiss as it did under these circumstances. For ourselves, we express no opinion at this time on the correctness of the view that the registration of FORMICA must be considered as one on the principal register, or of the jurisdictional ruling (the denial of the motion to dismiss the cancellation proceeding); we merely hold that the requested writs should not issue in this case.

### Decision

The motions to dismiss the petition of Formica Corporation for writs of mandamus and prohibition, filed by the FTC and on behalf of the members of the Trademark Trial and Appeal Board, are *denied.*

Formica Corporation's petition for writs of mandamus and prohibition is *denied.*

Motions for extensions of time to file briefs on the merits are *denied* as moot.