**IMPORT MOTORS LIMITED, INC., et al., Appellants,**

**v.**

**UNITED STATES INTERNATIONAL TRADE COMMISSION, and Engelhard Minerals & Chemicals Corp., Appellees.**

**Appeal No: 76–3.**

United States Court of Customs and Patent Appeals.

Dec. 3, 1975.

## ORDER

On November 26, 1975 appellants filed an appeal from an order of the Presiding Commissioner in the above-entitled proceeding before the United States International Trade Commission. Concurrently therewith, appellants filed a motion to expedite the appeal and a motion to enjoin further proceedings at the Commission, pending disposition of this appeal.

Notice of institution of the fundamental investigation (Notice) was published in the Federal Register on July 23, 1975 (40 F.R. 30879). That Notice listed appellants as respondents and provided that appellants, as well as all "interested" persons, would be afforded the opportunity to respond to the complaint, present evidence and make written and oral arguments on the record. The Notice further provided that failure to respond may be deemed a waiver of appellants' right to appear and contest the allegations under investigation and an authorization to the Commission to find the facts as alleged.

The Notice also provided for a hearing, pursuant to subsection (a) of section 337 of the Tariff Act of 1930 (88 Stat. 2053) and set for September 16, 1975, to determine whether there is reason to believe that a violation of section 337 exists and, if so, whether a temporary order of exclusion or a cease and desist order should be issued. A prehearing conference, scheduled in the Notice for September 8th, was actually held on September 29, 1975. The hearing set for September 16th in the Notice was at that time rescheduled for November 24, 1975.

The order appealed from was dated October 17, 1975. It "discontinued" appellants as parties to the proceeding before the Commission, without prejudice to their later intervention in the event that a violation of section 337(a) was established, such intervention to be as parties "interested in the Commission's determination under section 337(d), (e) and (f)." In accordance with the established administrative procedures of the Commission, appellants sought review of the order by the full Commission. On October 24, 1975 the Commission ordered such review. A hearing was held by the full Commission on November 6, 1975. As of this moment, the Commission has not yet rendered a written decision respecting the order.

Appellants state that on November 19, 1975, they received an oral indication that the Commission had "decided" to affirm the order and thereby to exclude appellants from the proceedings. On November 20, 1975 appellants were orally notified that the hearing previously

set for November 24, 1975 was rescheduled to commence on December 8, 1975. Written notification of the December 8th scheduling was issued on November 24th and received by appellants on November 28, 1975.

Since November 19, 1975 appellants have sought, without success, to obtain a written decision of the Commission respecting the order appealed from. In view of the impending hearing on December 8, 1975, and the potential risk of irreparable harm to appellants created thereby, repeated daily contact with the Commission has been maintained since November 28, 1975 by the Clerk of this court. To date the Commission has filed with this court neither a copy of its decision respecting the order appealed from nor any response whatever to appellants' motions.

Under ordinary circumstances an interlocutory order, in relation to which the Commission has not completed its review and issued a written decision, would not be appealable here. Further, under such circumstances, a motion would not be acted upon in the absence of submissions by both parties. We are aware of and sympathetic with the statutory time constraints placed on the Commission. We are nonetheless forced to the view that the situation now confronting the parties in this court results from the apparent inability of the Commission to supply appellants with a written decision respecting the October 17, 1975 order within a time reasonably calculated to permit appeal thereof prior to the date set for the hearing from which they have been excluded by such order. Though doubtless not so intended, the Commission's delay in supplying a written decision following the hearing of November 6, 1975 and the setting of the hearing from which appellants have been excluded for December 8, 1975, would have the effect of depriving appellants of an effective appeal and would thereby defeat the intent of the statute (section 337(c)) providing for such appeal. We have jurisdiction under the All Writs Act (28 U.S.C. § 1651(a)), of course, to issue writs in aid of our jurisdiction over an appeal. *Loshbough v. Allen*, 404 F.2d 1400, 56 CCPA 913 (1969).

Though without benefit of the Commission's decision and without its response to appellants' motions, we nonetheless note that the order appealed from envisages limitation of the December 8, 1975 hearing to considerations mandated by section 337(a) and the later re-entry of appellants as parties interested in further proceedings under 337(d), (e), (f), if and when such later proceedings are found necessary. From this we would suppose that the Presiding Commissioner, in expediting the matter before him, saw no need to permit participation of independent distributors, unless and until it was determined that a violation under 337(a) existed and that such determination could be made without participation of appellants. We are reluctant to interfere with such procedural and ordinarily discretionary decisions of the Commission. In the absence of overriding considerations of due process, as above indicated, such judicial intervention is to be avoided. We are nonetheless compelled in the interest of justice under the circumstances presented to us to enter an appropriate order herein.

Because appellants are apparently not "owners, importers, consignees or agents of either" they are not "necessary" parties. There is no requirement, however, which would limit hearings under section 337 to "necessary" parties. It is apparently admitted that appellants are "interested" in the outcome of the investigation. Appellants were, moreover, named as respondents in the Notice, which gave opportunity to all interested parties to participate. Sections 554(c)(1) and 555(b) of Title 5 U.S.C. provide for participation of "all interested parties" and "an interested person" respectively so far as the orderly conduct of public business permits.

We note that appellants are represented by a single, locally based, law firm. It does not appear therefore that participation by such firm, though representing multiple clients, would unduly burden the ability of the Commission to meet its statutory deadline. The Presiding Com-

**940**

missioner may exclude irrelevant, immaterial or unduly repetitious evidence, if such should be presented by appellants during the course of the hearing 5 U.S.C. § 556(d).

It is clear that appellants could be adversely affected by the exclusion order of October 17, 1975 and that they have therefore the right to appeal such order to this court (19 U.S.C. § 1337(c)). On the basis of the materials presently before us we find no justification for the exclusion of appellants from the portion of the investigation devoted to section 337(a). Though we reach no final conclusion respecting the appeal, it appears that appellants have a reasonable chance of success on the appeal they have filed from the order of October 17, 1975.

If the October 17th order erroneously excluded appellants i. e., if appellants have a right to participate in the hearing on the violation portion of the investigation, an order requiring the Commission to permit participation of appellants in the December 8, 1975 hearing would not do substantial justice herein. Appellants have been precluded from discovery efforts since October 17, 1975. Without opportunity for preparation, an opportunity to participate in the violation portion of the investigation would be of little value to appellants or to the Commission.

Appellants' motion to expedite the appeal is granted. The appeal will be decided as promptly as the parties can supply the necessary papers. The Rules of this court are waived to the fullest extent necessary to expedite the appeal. Appellants' motion to enjoin further proceedings is granted.

In the interest of substantial justice, therefore, the Commission is ordered to stay the hearing of December 8, 1975, and is enjoined from conducting any proceedings in connection with investigation No. 337-TA-18 until disposition of this appeal.