NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re AGADIA SYSTEMS INC.,**
*Petitioner*

---

2024-113

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in No. 90060221.

---

**ON PETITION**

---

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

MOORE, *Chief Judge*.

## O R D E R

Agadia Systems Inc. ("Agadia") petitions for a writ of mandamus directing the Trademark Trial and Appeal Board ("TTAB") to vacate its order staying proceedings. The United States Patent and Trademark Office ("USPTO") opposes. We deny the petition.

Agadia applied to register the mark "FORMULARYHUB," and the TTAB affirmed the examiner's refusal to register the mark. Agadia appealed that decision to this court, which remains pending. *See* Appeal No. 2023-1993. Agadia separately filed an application to

register the mark "FORMULARYHUB.COM," which was also refused by an examiner. Agadia appealed that decision to the TTAB.

On October 2, 2023, the TTAB issued an order staying the FORMULARYHUB.COM proceedings pending a final determination in the FORMULARYHUB proceedings. Agadia then filed a petition for Director review challenging the stay. On February 5, 2024, having not heard from the Director, Agadia filed this petition, which we have jurisdiction to review. *See* 15 U.S.C. § 1071(a); 28 U.S.C. §§ 1295(a)(4)(B), 1651; *Formica Corp. v. Lefkowitz*, 590 F.2d 915, 919–20 (CCPA 1979).

"[T]he writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). To obtain mandamus, a petitioner must show that: (1) it has a clear and indisputable right to relief; (2) it does not have any other adequate method of obtaining relief; and (3) the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted).

Agadia primarily argues that it has been deprived of due process. Specifically, it contends that the TTAB did not provide prior notice before issuing the stay, which Agadia asserts was based on what it calls *ex parte* communications with the USPTO Solicitor's Office regarding the existence of the FORMULARYHUB appeal. We cannot say that Agadia has established a clear and indisputable right to disturb the stay based on this challenge.

Nothing in the regulation cited in the TTAB's order clearly required it to give Agadia prior notice. That rule broadly provides that "[w]henever it shall come to the attention of the [TTAB] that a civil action [or] another [TTAB] proceeding . . . may have a bearing on a pending case, proceedings before the [TTAB] may be suspended until termination of the" other proceeding either "sua sponte"

or "upon motion."  37 C.F.R. § 2.117(a)–(c).  We see nothing in that regulation that would clearly deprive the TTAB of authority to stay proceedings, even if it first learned of the appeal from the Solicitor.

Agadia likewise fails to identify anything in the TTAB Manual of Procedure ("TBMP") that establishes a clear and indisputable right to the requested relief.  The TBMP does not generally have the force of law.  *Cf. Cai v. Diamond Hong, Inc.*, 901 F.3d 1367, 1370 (Fed. Cir. 2018).  Moreover, neither provision Agadia cites has been shown to apply to this case: § 510.02 concerns motions to suspend *inter partes* proceedings and § 1213 concerns an applicant's or examiner's request to suspend.

More generally, while some "form of hearing is [typically] required before [a property] owner is finally deprived of a protected property interest," *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982) (internal quotation marks and citation omitted), Agadia's petition fails to clearly explain how there has been such a deprivation here.  Agadia cites no case dealing with remotely analogous circumstances,[1] let alone holding that a temporary stay of a

---

[1]    *See, e.g.*, *Fuentes v. Shevin*, 407 U.S. 67, 96 (1972) (requiring meaningful notice "before chattels are taken from their possessor"); *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86 (1988) (requiring meaningful notice before entry of default judgment involving money damages); *Stone v. FDIC*, 179 F.3d 1368, 1375 (Fed. Cir. 1999) ("[S]ome kind of hearing [is required] prior to the discharge of an employee who has a constitutionally protected property interest in his employment." (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)) (cleaned up)).

trademark application proceeding constitutes a deprivation of a constitutionally protected property interest.

Agadia's petition has not otherwise established a clear legal entitlement to disturbing the stay order. It contends the TTAB failed to adequately make a finding that the FORMULARYHUB appeal will have a bearing on the present proceeding. Although further elaboration in the order of the TTAB's reasons for issuing the stay would have been helpful, Agadia has not shown that the TTAB so clearly abused its considerable discretion in managing its docket as to warrant the extraordinary remedy of mandamus. *See Fla. Mun. Power Agency v. FERC*, 315 F.3d 362, 366 (D.C. Cir. 2003) ("Administrative agencies enjoy 'broad discretion' to manage their own dockets[.]" (citation omitted)). Finally, Agadia makes no showing in its petition that the stay here is "so extensive [as to be] immoderate or indefinite" or otherwise beyond the bounds of the TTAB's broad discretion. *Groves v. McDonough*, 34 F.4th 1074, 1080 (Fed. Cir. 2022) (cleaned up); *see Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

April 3, 2024
Date

Jarrett B. Perlow
Clerk of Court